UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

Erica Bojicic
Evolve Dance Company, LLC            Case No.
4444 Heatherdowns Blvd.
Toledo, OH 44614
and                                  Judge:

Kenneth Edward Ican
dba Rock City Dance, Inc.            Magistrate:
7501 Pearl Road
Middleburg Hts, OH 44130             **Plaintiffs' Complaint**
and
                                     (Jury demand endorsed hereon)

David A. Ross, II
DA Ross Holdings, LLC
dba The Crystal Ballroom Dance
402 E. Wilson Bridge Road. St. A
Worthington, OH 43085
and

Emily Mertens
dba Ballroom Dance Experience
2052 Ridgeview Drive.
Upper Arlington, OH 43221, and
dba Movement Enterprises, LLC
2100 Tremont Center
Upper Arlington, OH 43221

and

Jeffrey Goltiao
dba Dance Edge
1156 Dublin Road Suite 102
Columbus, OH 43215
and

2

Randy Clinger
dba UA Fitness LLC
2100 Tremont Center
Upper Arlington, OH 43221
and

Jerry Satava
dba Hudson Ballroom Company
5 Atterbury Blvd. Suite 2
Hudson, OH 44236, and

dba In-Flight Ballroom Company
1107 South Main Street Suite 300
North Canton, OH 44720, and

dba Mambo Kings Inc.
1107 South Main Street
North Canton, OH 44720
and

Lisa Ferrara
dba Your Next Move, LLC
34900 Lakeshore Blvd. Ste#207
Eastlake, OH 44095
and

Sergi Bakalov
dba Columbus Dance Sport, LLC
1000 Morrison Road, Suite B
Gahanna, OH 43230
and

Joshua L. Tilford
700 E. Mitchell Avenue
Cincinnati, OH 45229
and

Darcy Sines
dba Miss Darcy's Academy of Dance and Art, LLC
5422 Detroit Road
Sheffield, OH 44035
and

Michael Scoggins

2

dba Ohio Ballroom
4621 Manchester Rd
Middletown, OH 45042

Amanda Shane
dba Count Me In, LLC
1608 State Route 113 East
Milan, OH 44846

                Plaintiffs,

vs.

Michael DeWine, individually and in his official capacity as
Governor of the State of Ohio
Riffe Center 30th Floor
77 South Hight St.
Columbus, Ohio 43215
and

Stephanie McCloud, individually and in her official capacity as
Director of the Ohio Department of Health
246 North High St.
Columbus, Ohio 43215
and

Lance Himes, individually and in his official capacity as
Former Interim Director
of the Ohio Department of Health
246 North High St.
Columbus, Ohio 43215
and

Amy Acton, individually and in her official capacity as
Former Director of the Ohio Department
of Health-Governor Chief Health Advisor
246 North Hight St.
Columbus, Ohio 43215
and

Sovereign State of Ohio
Riffe Center 30th Floor
77 South High St.

2

Columbus, Ohio 43215
and

Joseph Mazzola, individually and in his official capacity as
Health Commissioner, Franklin County Public Health Director
280 East Broad St.
Columbus, Ohio 43215
and

Peter Schade, individually and in his official capacity as
Health Commissioner, Erie County Health Director,
Erie County Health Department
420 Superior St.
Sandusky, Ohio 43215
and

Gregory Kesterman, individually and in his official capacity as
Health Commissioner, Hamilton County Health Director,
Hamilton County Public Health
250 William Howard Taft Rd.
Cincinnati, Ohio 45219
and

David Covell, individually and in his official capacity as
Health Commissioner, Lorain County Health Director,
Lorain County Public Health
9880 South Murray Ridge Rd.
Elyria, Ohio 44035
and

Kate Siefert, individually and in her official capacity as
Health Commissioner, Crawford County Health Director,
Crawford County Public Health
1520 Isaac Beal Rd.
Bucyrus, Ohio 44820
and

Terry Allan, individually and in his official capacity as
Health Commissioner, Cuyahoga County Health Director,
Cuyahoga County Board of Health
5550 Venture Dr.
Parma, Ohio 44130
and

Wendy Gotschall, individually and in her official capacity as
Health Commissioner, Carroll County Health Director,
Carroll County General Health District
301 Moody Ave. SW
Carrolton, Ohio 44615
and

Wesley J. Vins, individually and in his official capacity as
Health Commissioner, Columbiana County Health Director,
Columbiana County General Health District
7360 State Route 45
Lisbon, Ohio 44432
and

Melissa Howell, individually and in her official capacity as
Health Commissioner, Greene County Health Director,
Greene County Public Health
360 Wilson Dr.
Xenia, Ohio 45386
and

Melba R. Moore, individually and in her official capacity as
Health Commissioner, Cincinnati Health Director,
Cincinnati Health Department
3101 Burnet Ave.
Cincinnati, Ohio 45229
and

Mysheika Roberts, individually and in her official capacity as
Health Commissioner, Columbus Health Director,
Columbus Public Health
240 Parsons Ave.
Columbus, Ohio 43215
and

Eric Zgodzinski, individually and in his official capacity as
Health Commissioner, Toledo-Lucas County Health Director,
Toledo-Lucas County Health Department
635 North Erie St.
Toledo, Ohio 43604
and

Jeffrey A. Cooper, individually and in his official capacity as
Health Commissioner, Montgomery County Health Director,
Montgomery County Public Health
360 Wilson Dr.
Xenia, Ohio 45386
and

Kirkland Norris, individually and in his official capacity as
Health Commissioner, Stark County Health Director,
Stark County Public Health
7235 Whipple Ave., NW Suite B,
North Canton, Ohio 44720
and

Donna Skoda, individually and in her official capacity as
Health Commissioner Summit County Health Director,
Summit County Public Health
1867 W. Market St.
Akron, Ohio 44313

      Defendants.

## COMPLAINT

Plaintiffs Evolve Dance Company, et al, by its attorneys files this Complaint against
Defendant DeWine et al, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action concerning a number of unconstitutional actions taken by the
   Defendants that resulted in: a Taking of Plaintiffs' Property and Businesses under
   State and Federal Law without just compensation; multiple instances where equal
   protection under the law was denied to the Plaintiffs; and a clear violations of the
   right to work.

2. Defendants claim to have taken these actions due to the COVID-19 emergency but
   the Constitution of the United States and the State of Ohio continues to apply

regardless of whether an emergency exists. Further, Plaintiffs dispute that any real emergency actually existed especially in light of the fact that this disease has a substantially lower fatality rate and at the same time a similar rate of spread as many other diseases.

3. The Plaintiffs in this case are all owners of various dance studios. Some are also performers. These individuals have had their livelihoods destroyed, for months in some instances, to further a political narrative of "keeping people safe" from a disease that can now be shown to be roughly as dangerous as the yearly flu.

4. Plaintiffs seek declaration that the actions of the State constitute a taking under the 5th Amendment whereas Plaintiffs were denied all beneficial use of their property. Plaintiffs will seek the just compensation due to them as a result of these actions.

5. Plaintiffs will also seek declaratory relief and damages as appropriate for the unequal application of the laws, where businesses were treated differently without even a rational basis for such actions – though plaintiffs contend a higher standard applies.

6. Plaintiffs will also seek declaratory relief and damages for having been forced out of work. The right to earn a living and provide for yourself and your family is fundamental to our nation and should not be abridged unless necessary to serve a compelling governmental interest and even there, no greater restrictions should occur than is necessary to serve said interest. None of these standards were met with the arbitrary and capricious actions of the Defendants.

7. This complaint contains a formal prayer at its end.

**THE PARTIES**

**Plaintiffs**

8.  Plaintiff Kenneth Edward Ican, dba Rock City Dance, Inc. located at 7501 Pearl Road, Middleburg Heights, OH  44130, was deprived of his right to work when his business was deemed "non-essential" and shut down.

9.  Plaintiff David A. Ross, II, DA Ross Holdings, LLC, dba The Crystal Ballroom Dance located at 402 E. Wilson Bridge Road, #A, Worthington, OH  43085, was deprived of his right to work when his business was deemed "non-essential" and shut down.

10. Plaintiff Emily Mertens dba Ballroom Dance Experience located at 2052 Riverview Drive, Upper Arlington, OH  43221, and dba Movement Enterprises, LLC, located at 2100 Tremont Center, Upper Arlington, OH  43221, was deprived of her right to work when her business was deemed "non-essential" and shut down.

11. Plaintiff Jeffrey Goltiao dba Dance Edge located at 1156 Dublin Road, #102, Columbus, OH  43215, was deprived of his right to work when his business was deemed "non-essential" and shut down.

12. Plaintiff Randy Clinger dba UA Fitness LLC located at 2100 Tremont Center, Upper Arlington, OH  43221, was deprived of his right to work when his business was deemed "non-essential" and shut down.

13. Plaintiff Jerry Satava, dba Hudson Ballroom Company located at 5 Atterbury Blvd. #2, Hudson, OH  44236, and dba In-Flight Ballroom Company, located at 1107 South Main Street, #300, North Canton, OH  44720, and dba Mambo Kings Inc.,

also located at 1107 South Main Street, North Canton, OH  44720, was deprived of his right to work when his business was deemed "non-essential" and shut down.

14. Plaintiff Lisa Ferrara dba Your Next Move, LLC, located at 34900 Lakeshore Blvd., #207, Eastlake, OH  44095, was deprived of her right to work when her business was deemed "non-essential" and shut down.

15. Plaintiff Sergi Bakalov dba Columbus Dance Sport, LLC, located at1000 Morrison Road, #B, Gahanna, OH  43230, was deprived of his right to work when his business was deemed "non-essential" and shut down.

16. Plaintiff Erica Bojicic, dba Evolve Dance Company, LLC, located at 4444 Heatherdowns Blvd., Toledo, OH  44614, was deprived of her right to work when her business was deemed "non-essential" and shut down.

17. Plaintiff Joshua L. Tilford, 700 E. Mitchell Avenue, Cincinnati, OH  45229, was deprived of his right to work when his business was deemed "non-essential" and shut down.

18. Plaintiff Darcy Sines dba Miss Darcy's Academy of Dance and Art, LLC, located at 5422 Detroit Road, Sheffield, OH  44035, was deprived of her right to work when her business was deemed "non-essential" and shut down.

19. Plaintiff Michael Scoggins dba Ohio Ballroom, located at 7900 Cox Road, West Chester, OH  45069, was deprived of his right to work when his business was deemed "non-essential" and shut down.

20. Plaintiff Amanda Shane dba Count Me In, LLC, located at 1608 St. Rt. 113 E., Milan, OH 44846, was deprived of her right to work when her business was deemed "non-essential" and shut down.

21. All Plaintiffs, as identified by name and address as listed in the caption of this complaint, were, at all relevant times, engaged in earning a living and were all engaged in legal business activities, First Amendment protected activity, including artistic education, human contact physical movement and instruction, operating as commercial dancing studio business operations in the State of Ohio. They were illegally ordered to be shut down and restricted and their respective businesses were unconstitutionally taken by Defendants.

**Defendants**

22. Defendants have acted jointly and severally and with malice in violating the rights of the Plaintiffs and are listed here:

23. Defendant Michael DeWine individually and in his official capacity as the Governor of the State of Ohio whose offices are located Riffe Center 30th Floor, Columbus, Ohio 43215.

24. Defendant Stephanie McCloud individually and in her official capacity as the Director of the Ohio Department of Health, whose offices are located at 246 North High St., Columbus, Ohio 43215.

25. Defendant Lance Himes individually and in his official capacity as the former Interim Director of the Ohio Department of Health, whose offices were located at 246 North High St., Columbus, Ohio 43215*.

2

26. Defendant Amy Acton individually and in her official capacity as the former Director of the Ohio Department of Health and now Governor Chief Health Advisor, whose offices are located at 246 North Hight St., Columbus, Ohio 43215.

27. Defendant Bruce Vanderhoff, individually and in his official capacity as the Chief Medical Officer & Medical Director of the Ohio Department of Health whose offices are located at 246 North High St., Columbus, Ohio 43215.

28. Defendant Mary Kate Francis individually and in her official capacity as the Assistant Medical Director of the Ohio Department of Health whose offices are located at 246 North High St., Columbus, Ohio 43215.

29. Defendant Joseph Mazzola individually and in his official capacity as Health Commissioner, Director of Franklin County Public Health, with offices located 280 East Broad St., Columbus, Ohio 43215.

30. Defendant Peter Schade individually and in his official capacity as Health Commissioner, Director of Erie County Health with offices located 420 Superior St., Sandusky, Ohio 43215.

    *last known address

31. Defendant Ron Graham individually and in his official capacity as Health Commissioner, Director of Lake County General Health District with offices located 5966 Heisley Rd., Mentor, Ohio 44060.

32. Defendant Gregory Kesterman individually and in his official capacity Health Commissioner, Director of Hamilton County Health with offices located 250 William Howard Taft Rd., Cincinnati, Ohio 45219.

33. Defendant Kate Siefert, individually and in her official capacity as Health Commissioner, Director Crawford County with offices located 1520 Isaac Beal Rd., Bucyrus, Ohio 44820.

34. Defendant David Covell, individually and in his official capacity as Health Commissioner, Director of Lorain County Health with offices located 9880 South Murray Ridge Rd., Elyria, Ohio 44035.

35. Defendant Terry Allan, individually and in his official capacity as Health Commissioner, Director Cuyahoga County Board of Health with offices located 5550 Venture Dr., Parma, Ohio 44130.

36. Defendant Wendy Gotschall, individually and in her official capacity as the Health Commissioner, Director of Carroll County General Health District with offices located 301 Moody Ave., Lisbon, Ohio 44432.

37. Defendant Melissa Howell, individually and in her official capacity as Health Commissioner, Director of the Greene County Public Health with offices located 360 Wilson Dr, Xenia, Ohio 45386.

38. Defendant Melba R. Moore, individually and in her official capacity as Health Commissioner, Director of the Cincinnati Health Department offices located 3101 Burnet Ave, Cincinnati, Ohio 45229.

39. Defendant Mysheika Roberts, individually and in her official capacity as Health Commissioner, Director of the Columbus Public Health with offices located 240 Parsons Ave., Columbus, Ohio 43215.

40. Defendant Eric Zgodzinski, individually and in his official capacity as Health Commissioner, Director of the Toledo-Lucas County General Health Department with offices at 635 North Erie St., Toledo, Ohio 43604.

41. Defendant Jeffrey A. Cooper, individually and in his official capacity as Health Commissioner, Director of the Dayton-Montgomery County Public Health with offices at 360 Wilson Dr, Xenia, Ohio 45386.

42. Defendant Kirkland Norris, individually and in his official capacity as Health Commissioner, Director of the Stark County Public Health with offices at 7235 Whipple Ave., NW Suite B, North Canton, Ohio 44720.

43. Defendant Donna Skoda, individually and in her official capacity as Health Commissioner, Director of the Summit County Public Health with offices at 1867 W. Market St., Akron, Ohio 44313.

## JURISDICTION AND VENUE

44. This court has subject matter jurisdiction over this matter as it pertains to multiple Federal Questions involving the Bill of Rights and fundamental constitutional issues arising under the 1st, 4th, 5th, 6th, 9th, and 14th Amendments, 42 U.S.C. 1983, and related precedent under 28 U.S.C. 1331. Under 28 U.S.C. 1367 this Court maintains supplemental jurisdiction over state constitutional claims.

45. Venue is proper within this Court under 28 U.S.C. 1391 as at least one of the Defendants resides in this district and under Local Rule 3.8 whereas at least one Plaintiff resides within this division of the district and the relevant claims have also occurred in this district.

2

46. Standing requires that each plaintiff must personally have: 1) suffered some actual or threatened injury; 2) that injury can fairly be traced to the challenged action of the defendant; and 3) that the injury is likely to be redressed by a favorable decision.

47. Plaintiffs have standing to bring this litigation, since they can establish that (1) they have suffered some actual or threatened injury, (2) the injury can fairly be traced to the challenged actions of the Defendants, and (3) the injury is likely to be redressed by a favorable decision of this Court. *N.H. Lottery Comm'n v. Rosen*, 2021 U.S. App. LEXIS 1526 *15-17, quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

48. This Court exercises supplemental jurisdiction over related Ohio state law claims under 28 U.S.C. § 1367.

49. Venue lies in this Court under 28 U.S.C. § 1391(b)(1), since at least one Defendant resides in this judicial district, and all Defendants reside in Ohio.

## **FACTS**

50. On or around March 20, 2020 Defendants issued Director's Order which designated certain businesses as essential in the state of Ohio and all other businesses as non-essential. No standards were included to differentiate between the designation of essential and non-essential. This same order also closed all businesses not lucky enough to be called essential, including dance studios.

51. The action of forcing the closure of Plaintiffs dance studios deprived each of the Plaintiffs of the opportunity to earn a living and further deprived them of any and all beneficial or productive use of these businesses.

52. None of the Defendants have taken any actions to decry the unlawful or unconstitutional nature of any of the Defendants' actions and therefore have a personal liability for the damages sustained by each plaintiff in this matter located within their jurisdiction as that they threatened to enforce this order against a Plaintiff. Further each did signal such intent by their communications and declarations to the public, including publishing the order(s) on their website to the public. Defendants destroyed plaintiffs' businesses by the publication that plaintiffs were unsafe and were ordered closed and/or restricted and/or determined non-essential. Further, some of the leaders of the various health departments issued additional orders of their own that further violated the principles of equal protection, constituted takings, and violated the right to work.

53. The Order continued in place until May 22, 2020, see Director's Order, when it was partially lifted. At that point Plaintiff's studios were permitted to open "so long as all safety measures are met."

54. Because no standards were set some businesses were still limited further due to the orders of their local health departments.

55. To this date, gatherings are still limited in size. This has resulted in Plaintiffs still being unable to hold recitals and other such activities.

56. In addition to orders related to the closure of businesses, once reopening was allowed, additional orders were issued requiring the usage of masks. It is well established in science and under regulatory guidelines that strenuous activities should not be performed with masks on. This created a situation where the Plaintiffs would be putting themselves at risk of committing a tort by knowingly requiring

2

dance students to wear a mask – despite the known risk – or keep their businesses closed.

57. To further exacerbate this situation, Defendants ordered that "social distancing" be required. This is simply not possible for many forms of dance.

58. To this day a number of the Plaintiffs businesses are still restricted by local health department rules and a number of State rules are still interfering with Plaintiffs' ability to reopen fully and engage in their business.

59. Collectively, the numerous orders, rules, and regulations issued by the State of Ohio in response to COVID-19 ("**The Orders"**), are unconstitutional on their face and as applied to the Plaintiffs, ("State Orders").

60. Defendants' Orders define "non-essential" businesses as those who are not "essential businesses." The Order goes on to list the "essential businesses." There are **no** standards, guidelines, or criteria listed in "The Orders" to assist in the determination of what an "essential business" is.

61. "The Orders" are unconstitutional since they were not enacted, promulgated, and implemented in accordance with legal requirements for the enactment, promulgation and implementation of administrative rules, regulations, and orders.

62. Each Plaintiff has had their businesses damaged, impaired, and/or destroyed and taken by the Defendants acting in an unconstitutional, illegal, and unlawful fashion.

63. Each Defendant's authority for their unconstitutional actions and continuing conduct are claimed to be based upon Chapter 3701 of the Ohio Revised Code including without limitations Sections 3701.03, 3701.04 and 3701.13.

64. Defendants DeWine, McCloud, Vanderhoff, Francis, Acton, and Himes authority for their past and future unconstitutional actions are claimed to be based upon Chapter 3701 of the Ohio Revised Code including without limitations Sections 3701.03, 3701.04 and 3701.13.

65. Defendants DeWine, McCloud, Vanderhoff, Francis, Acton, and Himes ignored the requirements of law and acted as "despots" as Ohio Revised Code Section 161 was violated by these Defendants.

66. Under R.C. 5502.25 Authority is vested with the Ohio Director of Public Safety to make rules not the Ohio Health Director; this is referenced under the Rules stated under Chapter 3700. No authority existed for Defendants to issue "The Orders" as they have.

67. A violation of the Emergency Management provisions ORC Section 5502.21 through 5502.38, including ORC Section 5502.25 the rules making provisions for the Emergency Management provisions including those mandatory requirements for rule making under ORC Section 119 were also violated.  The General Assembly of the State of Ohio was intentionally, maliciously ignored and deceived by a rouge governor and his appointees and staff.

**FIRST CLAIM FOR RELIEF** – **Unconstitutional orders/Right to Work**

**(Against Defendants – DeWine, et al.)**

68. Plaintiffs adopt all the preceding paragraphs and incorporate them by reference, as if fully set forth herein.

69. The 14th Amendment guarantees a citizen's right to work for a living and support herself by pursuing a chosen occupation. *Board of Regents v. Roth*, 408 U.S. 564, 572 (1972); *Truax v. Raich,* 239 U.S. 33, 41 (1915) ("It requires no argument to show that the right to work for a living in the common occupations of the community is of the very essence of the personal freedom and opportunity that it was the purpose of the [14th] Amendment to secure.").

70. Federal district courts adjudicating challenges to State COVID-19 mandates have acknowledged this right, and subjected mandates that implicate it to constitutional review. *City of Butler v. Wolf*, 2020 U.S. Dist. LEXIS 167544 * 82 ("The nature of a state-wide shut down of 'non-life-sustaining' business is such an immediate and unprecedented disruption to businesses and their employees as to warrant constitutional review.").

71. In holding that Pennsylvania's closure of all "non-life-sustaining" businesses "was so arbitrary as to violate the Business Plaintiffs' substantive due process rights guaranteed by the Fourteenth Amendment," the Butler court stated:

> The Court recognizes that Defendants were facing a pressing situation to formulate a plan to address the nascent COVID-19 pandemic when they took the unprecedented step of *sua sponte* determining which businesses were "life-sustaining" and which were "non-life-sustaining."  But in making that choice, they were not merely coming up with a draft of some theoretical white paper, but rather, determining who could work and who could not, who would earn a paycheck and who would be unemployed – and for some – which businesses would live, and which would die. This was truly unprecedented. An economy is not a machine that can be shut down and restarted at will by government. It is an organic system made up of free people each pursuing their dreams. The ability to support oneself is essential to free people in a free economy.

Id. at 91-92.

72. Without the right to work in a profession of our own choosing, rather than being directed into a profession by the State, or directed not to work and placed on subsidies by the State, we are slaves.  The Emergency Mandates have deprived Plaintiffs of their right to work and chosen occupation, forcibly closing their "non-essential" dance studios, and then crippling the business by enforcing draconian rules that prevented public dance recitals and requiring social distancing.  The Plaintiffs have suffered terribly from this with many verging on losing everything.

73. The act of closing these businesses also acted to deny these business owners their right to work. The Plaintiffs in this case have all been severely injured and damaged financially in various capacities by these unconstitutional Orders and actions of Defendants; if this court fails to act, Plaintiffs will be left without redress. More terrifying, without action by this Court, Plaintiffs will suffer continuously, and the Court will be setting future precedent that will allow Ohio and its actors to withhold fundamental constitutional rights, in violation of US Supreme Court precedent, circumventing the various levels of scrutiny applied to such rights, and justify such actions under public health emergency orders without subjecting those orders to any real review.

74. It is the well-established principle of law that no exceptions to the Constitution can be allowed or provided without an express provision to the contrary, *State of Ohio ex rel vs. Spellmire* (1902) 67 OS 77, 90 "To these claims it is sufficient to say that there is no exception to said Sec. 26 of Art. 2 found in the Constitution. The requirement that all laws of a general nature, not some laws, shall have uniform

2

operation. There is no provision for violating the Constitution in an emergency,"

*City of Cincinnati vs. Trustees Cincinnati Hospital* (1902) 66 OS 440, Syllabus 3

75. Plaintiffs assert that ALL "The Orders" of Ohio governor and other Defendants are subject to judicial review and cite the decision of United States District Judge Hon. William S. Stickman IV in *County of Butler v. Thomas W. Wolf* Civil Action No. 2:20-cv-677, decided 9/14/2020, Western District Pennsylvania. Pennsylvania is analogous to Ohio in recent months, as both states have been imprisoned without due process and with the clear threat to impose such lockdowns again. Interstate travel has been severely restricted, privacy rights have been devastated, numerous business takings without compensation, and many regulations have been and are being implemented without statutory process requirements under the ruse and guise of a health emergency that is roughly as dangerous as a seasonal influenza outbreak.

**SECOND CLAIM FOR RELIEF- Violation of Principles of Equal Protection**

**(Against Defendants – DeWine, et al.)**

76. Each of the Plaintiff's businesses has been declared by Defendants to be nonessential and through "The Orders" were unlawfully ordered to be shut down, Defendants' Orders define "non-essential" businesses as those who are not "essential businesses." The Order goes on to list the "essential businesses". There are no standards, guidelines, or criteria listed in the Order to assist in the determination of what an "essential business" is. Without such standards, guidelines, or criteria, such an order becomes the very definition of arbitrary and capricious.

2

77. The reopening guidelines continued the pattern of arbitrariness failing to explain or justify in any way the rationale behind the strategy. There were no uniform standards or procedural safeguards for enforcement and only a very limited question and answer process pertaining to what services are prohibited. This Q&A process comes with the express provision that no advisory opinions will be issued and that there will be no binding formal orders of protection – just informal and non-binding responses. So arbitrary is this process that one could actually receive different responses from a single health department based on who responds to the question.

78. Each Plaintiff has suffered financial losses due to the arbitrary and capricious actions taken by the Defendants. Defendants have a liability to each Plaintiff under 42 U.S.C. Section 1983 as they have violated that statute.

**THIRD CLAIM FOR RELIEF** - **Takings Under State and Federal Law Without Just Compensation**

79. Plaintiffs adopt all of the preceding paragraphs and incorporate them by reference, as if fully set forth herein.

80. Under federal law, "[A] regulation which denies all beneficial or productive use" will require compensation under the Takings Clause. *Murr v. Wisconsin,* 137 S.Ct. 1933, 1942-1943. Further and separately, "when a regulation impedes the use of property without depriving the owner of all economically beneficial use, a taking still may be found based on 'a complex of factors,' including (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has

interfered with distinct investment-backed expectations; and (3) the character of the government action."  Id.

81. By declaring all Plaintiffs as nonessential businesses and ordering them closed or restricted, the Defendants have taken their property. In Ohio, closure of business even if nominal is a "severe burden." There is a lack of any "state compelling interest" to justify the "severe burden" imposed on the constitutional property rights under the "strict scrutiny" test. *City of Norwood vs. Horney* (2006) 110 OS 3rd 353

82. The Plaintiffs have the clear legal right to have their private and personal property protected from being taken under the unconstitutional Orders without just compensation. Closing these dance studios clearly had a substantial economic impact on the Plaintiffs. Plaintiffs various dance studio businesses were invested in with the clear expectation that they would be able to teach dance and earn an income meaning that they have been deprived of all economically beneficial use of their property. The nature and character of the government's actions were arbitrary and capricious at best.

83. Defendants seek Declaratory Judgement that the Defendants have taken their property without just compensation in violation of the 5th Amendment and Ohio Constitution, deprived them of their right to equal protection under the 14th Amendment and Ohio Constitution, and interfered with their rights to free expression under the 1st & 14th Amendments and Ohio Constitution.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

1.     Declare that the Defendants actions violate the Plaintiffs' right to work.

2.     Declare that the Defendants actions and orders constituted a violation of the principles of equal protection under the law.

3.     Declare the Defendants orders constitute an unconstitutional taking of the Plaintiffs' property without just compensation.

4.     Award to each of the Plaintiffs damages constituting "just compensation" pursuant to the requirements of the 5th Amendment.

5.     Award to each of the Plaintiffs compensatory damages under 42 U.S.C. 1983 in the amount of $1,000,000 or whatever the Court deems appropriate as compensation for the violation of relevant rights.

6.     Award Plaintiffs such other and additional relief the Court deems fit.

(s) Robert J. Gargasz

_____
Robert J. Gargasz (0007136)
Robert J. Gargasz Co. LPA
1670 Cooper Foster Park Road
Lorain, Ohio 44053
(440) 960-1670
(440) 960-1754 (Fax)
rjgargasz@gmail.com
Attorney for Plaintiffs

(s) Thomas Renz

_____
Thomas Renz, Esq. (0098645)
Renz Law, LLC
1907 W. State St. #162
Fremont, OH 43420
(419) 351-4248
renzlawllc@gmail.com
Attorney for Plaintiffs

**Jury Demand**

2

Plaintiffs do hereby demand a trial by jury on all issues so triable, including without limitation the quantum of damages.

(s) Robert J. Gargasz

_____

Robert J. Gargasz (0007136)
Robert J. Gargasz Co. LPA
1670 Cooper Foster Park Road
Lorain, Ohio 44053
(440) 960-1670
(440) 960-1754 (Fax)
rjgargasz@gmail.com
Attorney for Plaintiffs

(s) Thomas Renz

_____

Thomas Renz, Esq. (0098645)
Renz Law, LLC
1907 W. State St. #162
Fremont, OH 43420
(419) 351-4248
renzlawllc@gmail.com
Attorney for Plaintiffs