IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erica Bojicic, *et al.*,  Case No. 3:21-CV-00630-JGC

    Plaintiffs

    v.  **ORDER**

Michael DeWine, *et al.*,

    Defendants.

On October 27, 2021, I issued an order granting the defendants' motions to dismiss and motion for judgment on the pleadings. (Doc. 49). In that order, I set out the numerous respects in which the plaintiffs' complaint and opposition to the motions were severely lacking in merit – both as a matter of pleading rules and substantively. I invited defendants to seek an award of their fees and costs in responding to plaintiffs' counsel's actions and/or omissions in filing their pleadings.[1] Various defendants have filed two such motions. (Docs. 53, 54).

Pending is plaintiffs' Motion for a Stay Pending Appeal (Doc. 57). Plaintiffs ask that I stay proceedings on defendants' sanctions motions because they have filed a notice of appeal to the Sixth Circuit.

Though true that an appeal is pending, that does not matter. The law permits me to conduct an inquiry into sanctions despite the pendency of an appeal. *See Ridder v. City of*

---

[1] The law permits me to raise the question of sanctions *sua sponte*. *See Lemaster v. United States*, 891 F.2d 115, 121 (6th Cir. 1989) ("It is not only permissible for a judge to raise the question of sanctions *sua sponte,* but also expected and arguably required by Rule 11's mandatory language").

*Springfield*, 109 F.3d 288, 292 n.4 (6th Cir. 1997) (denial of motion to stay sanctions proceeding was proper and conserved judicial resources by allowing consolidation of appeals regarding sanctions and the merits).

For the reasons discussed below, I deny plaintiffs' motion to stay.

**Standard of Review**

I accept plaintiffs' recitation of the factors I must consider when deciding whether to grant their motion. These are: "(1) the likelihood that the party seeking the stay will prevail on the merits; (2) the likelihood that the moving party will be irreparably harmed; (3) the prospect that others will be harmed by the stay; and (4) the public interest in the stay." *Crookston v. Johnson,* 841 F.3d 396, 398 (6th Cir. 2016) (citing *Coal. To Defend Affirmative Action v. Granholm,* 472 F.3d 237, 244 (6th Cir. 2006)).

**Discussion**

**1. Likelihood of Success on the Merits**

In my view, it is unlikely that plaintiffs' appeal will be successful. In deciding to dismiss, I carefully considered the defendants' arguments and the plaintiffs' contentions. In doing so, I concluded that there were multiple independent grounds for dismissal. These were: lack of standing, *Iqbal*/*Twombly* failures, substantive failures with respect to the asserted claims, 11th Amendment immunity, and qualified immunity. *Bojicic v. DeWine*, No. 3:21-CV-00630-JGC, 2021 WL 4977018 (N.D. Ohio).

Given the number of grounds on which I found dismissal justified, I estimate the likelihood that plaintiffs will secure reversal of that dismissal to be very low.

Simply put, plaintiffs need to prevail on all of the enumerated grounds. It is unlikely they will do so on any one of those grounds; it is exponentially even more unlikely that they will do so on all of them.

This factor therefore weighs in favor of denying the motion.

### 2. Harm to Moving Party

The gravamen of plaintiffs' motion is that imposing sanctions on the parties plaintiff would cause them significant financial hardship. (Doc. 57, pgID 529-30).

That assertion rests upon counsel's misapprehension that a sanctions award, if any, would be directed at the plaintiffs. Sanctioning a party plaintiff is, at least theoretically, possible. It could occur if a court found that plaintiffs acted in bad faith in seeking and undertaking meritless litigation.

Absent evidence to the contrary, I presume that such was not the case here.[2] Accepting the accuracy of my assumption, the law is also clear that a court will impose the cost of an attorney's incompetence upon the attorney and not the client.

This is so in our Circuit. *See, e.g.*, *Gibson v. Plymouth Locomotive Int'l, Inc.*, 14 F. App'x 480, 481 (6th Cir. 2001) (where a party advances "objectively groundless legal arguments, we believe that the additional costs imposed as sanctions should rest upon the attorney here, rather than the clients"); *Terrell v. Uniscribe Pro. Servs., Inc.*, No. 1:04 CV

---

[2] Even if a plaintiff, desiring to litigate a meritless claim, seeks representation to do so, the attorney has a professional responsibility and duty to the court to decline such representation. *See BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 754 (6th Cir. 2010) ("[A]ttorneys have a responsibility to halt litigation *whenever* they realize that they are pursuing a meritless suit.") (emphasis in original).

1288, 2006 WL 8447027, at *1 (N.D. Ohio) (McHargh, J.) (imposing sanctions on counsel where sanctions motion raised solely issues regarding counsel's conduct).

It is also the rule elsewhere. *See*, *e.g.*, *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1011 (8th Cir. 2006) ("A court may require counsel to satisfy personally attorneys' fees reasonably incurred by an opposing party when counsel's conduct 'multiplies the proceedings in any case unreasonably and vexatiously.'") (citing 28 U.S.C. § 1927); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) ("Imposition of sanctions on the attorney rather than, or in addition to, the client is sometimes proper since it may well be more appropriate than a sanction that penalizes the parties for the offenses of their counsel.") (internal citations omitted); *Barrett v. Tallon*, 30 F.3d 1296, 1302-03 (10th Cir. 1994) ("Courts routinely direct sanctions for frivolous legal claims at attorneys rather than clients.").

There is, thus, no merit to the argument that I should stay this proceeding to avoid the risk of possible financial harm to the parties plaintiff. The motion mistakenly assumes that a sanctions proceeding normally focuses on the conduct of a party plaintiff. It does not – it focuses on the possible misconduct of the attorney. It is the attorney who induces, files, pursues, or continues meritless litigation, who is at risk.

Moreover, I see no reason, and counsel have offered none, that sanctions, if awarded, will irreparably harm them.

Therefore, this factor weighs in favor of denying the motion.

### 3. Harm to Others

As to this factor, plaintiffs assert that "an Order for Stay on the motions for sanctions will harm no others."

4

But the motion points to no one who might be harmed by proceeding except the parties plaintiff. As to them, I have just rejected this contention. The parties plaintiff are at no presently apparent risk if I proceed. The motion, thus, fails to show that proceeding now potentially could harm others.

This factor weighs heavily in favor of denying the motion.

### 4.  Public Interest

To date, plaintiffs' counsel has filed three meritless complaints in this court. Two before me, this case and *Renz v. Ohio*, No. 3:20CV1948, 2021 WL 485534 (N.D. Ohio) (finding complaint, among other things, "well-nigh incomprehensible" and *sua sponte* granting leave to file an amended complaint, which was not forthcoming), and one before Judge James R. Knepp II, *see Ohio Stands Up! v. U.S. Dep't of Health & Hum. Servs.*, No. 3:20 CV 2814, 2021 WL 4441707 (N.D. Ohio) (dismissing complaint for failure to allege standing).

The public interest strongly disfavors meritless litigation. That being so, the public has an interest in prompt determination as to whether sanctions are appropriate.

A decision on the plaintiffs' appeal may take upwards of a year. Accordingly, proceeding now, rather than postponing whatever decision I may reach, might serve a salutary purpose, namely, to emphasize the unacceptability of repeated filings of meritless complaints.

Alternatively, were I to find sanctions inappropriate, counsel would be relieved of any intervening concern about the suitability of their conduct. Better for that to happen now, rather than later.

Finally, as the Sixth Circuit prefers, counsel could consolidate a challenge to an adverse decision regarding sanctions with the substantive appeal now pending. *See Ridder*, *supra*, 109 F.3d at 292 n.4. This would conserve judicial resources and further serve the public interest.

As with the other three factors, this factor weighs heavily in favor of denying the motion.

## Conclusion

Sanctions can serve a two-fold purpose: compensating an unjustly sued party and deterring future misconduct by errant counsel.

I see no reason to delay determining whether an award of sanctions in this case would fulfill either or both of these purposes.

Accordingly, there is no reason to grant the motion to stay this proceeding, which shall go forward as previously scheduled.

Plaintiffs' counsel shall file their response on or before January 10, 2022; defendants shall file their replies on or before January 30, 2022.

It is, therefore, hereby

ORDERED THAT

1. Plaintiffs' Motion for a Stay Pending Appeal (Doc. 57) be, and the same hereby is, denied; and
2. The prior briefing schedule is confirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge