IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erica Bojicic, *et al.*,                    Case No. 3:21-CV-00630-JGC

         Plaintiffs

         v.                            **ORDER TO SHOW CAUSE**

Michael DeWine, *et al.*,

         Defendants.

       This is an order to plaintiffs' counsel to show cause why they should not be sanctioned for their conduct in bringing and pursuing this case.

       In an Order dated October 27, 2021, I dismissed this action in its entirety due to plaintiffs' absolute failure to plead one or more meritorious or well-founded claims. *Bojicic v. DeWine*, No. 3:21-CV-630-JGC, 2021 WL 4977018 (N. D. Ohio) I invited the defendants, if they so chose, to seek sanctions against plaintiffs' counsel for their conduct in bringing and pursuing this action.

       Pending are two motions by various defendants seeking sanctions against plaintiffs' counsel pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent power. (Docs. 53, 54). The defendants seek an award of legal fees and costs. In addition, they seek injunctive relief to prevent attorneys Renz and Gargasz from filing additional Covid-related actions against them.

       For the reasons discussed below, I have determined to hold an evidentiary hearing to explore attorneys Renz and Gargasz's conduct and to give them an opportunity to show cause why they should not be sanctioned.

1

**Background**

This is the second case in which I have dismissed a complaint these lawyers filed for failure to comply with pleading requirements and/or failure to plead the basic elements of the claims they assert. The first was *Renz v. Ohio*, No. 3:20-cv-1948, 2021 WL 485534 (N.D. Ohio).

In my *Renz* dismissal order, I emphasized the basic pleading requirements, among them the *Iqbal/Twombly* doctrine, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that the complaint failed to satisfy. 2021 WL 485534, at *1-3. I also *sua sponte* granted leave to the attorneys to file an amended complaint. *Id.* at *1. Instead of doing so, they voluntarily dismissed the case. *Id.* (Doc. 44).

**Discussion**

**1. Show Cause Evidentiary Hearing**

Twice now, these attorneys have failed to fashion a complaint that complies in form with Federal Rule of Civil Procedure 8 and *Iqbal/Twombly*. In neither case was there any merit to any of their substantive claims. Their opposition briefs both in *Renz* and here neither cited pertinent case law nor presented cogent arguments. For example, in responding to defendants' *Iqbal/Twombly* arguments, they cited to cases pre-dating those ground-shifting alterations of the procedural landscape. (Doc. 36, pgID 364-65).

In view of these circumstances, I invited defendants, if they so chose, to file the pending motions for sanctions.

My dismissal orders in *Renz* and in this case do not hold that the clients on whose behalf attorneys Renz and Gargasz brought those cases might not possibly have any legitimate claim arising out of Ohio's various administrative orders imposing Covid-related restrictions. What I have held is merely that these attorneys failed utterly to state any legitimate claims.

Now that two sanctions motions are pending, and on further consideration, I have concluded that I should hold an evidentiary hearing to determine whether grounds exist to impose sanctions under either Rule 11, § 1927 or my inherent power to control the conduct of attorneys before me.

An evidentiary hearing will enable Messrs. Renz and Gargasz to respond to the concerns I have expressed and to present any evidence they may have to establish the propriety of their conduct.

At the hearing, defense counsel may provide whatever evidence and arguments they believe to be relevant and or responsive to the plaintiffs' show cause opposition. If defense counsel desire, they may also submit statements supportive of any monetary sanctions they may be seeking, subject to the right to amend to include compensation through the completion of the show cause proceeding, including post-hearing briefing, if any. If they also desire other specific relief, they shall so inform plaintiffs' counsel and me before completion of the hearing.

From the evidence developed at the hearing and post-hearing briefing, if required, I will determine whether attorneys Renz and Gargasz have complied with the applicable standards as discussed below. If they have failed to meet their obligations, in whole or in part, under Rule 11, § 1927, or my inherent power, I will determine what sanctions are appropriate.

### 2. Legal Standard

#### A. Rule 11

Federal Rule of Civil Procedure 11(b) provides, in relevant part:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

3

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law

Rule 11(c) provides:

> **(1)** *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. . . . .
>
> **(3)** *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
>
> **(4)** *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The Sixth Circuit summarized the law governing Rule 11 sanctions in *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989) (citations and internal quotation marks omitted).

> Rule 11 imposes three obligations on the signing attorney. First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose. These obligations imposed by the 1983 amendments expand the reach of Rule 11 beyond one that merely sanctions an attorney for litigating in bad faith. Thus, an attorney's good faith is not a defense. . . . . The court judges the attorney's conduct by "an objective standard of reasonableness under the circumstances." . . . Once a district court finds that an

4

>attorney has violated Rule 11, it is required to impose some sanction. . . . However, once the district court determines that an attorney has violated Rule 11, the court has wide discretion in selecting the appropriate sanction.

An attorney's subjective good faith in pursuing a claim is "irrelevant" to Rule 11 sanctions "since that assessment must be made using an objective test of reasonableness under the circumstances. . . .The relevant question . . . is whether a competent attorney, . . . after appropriate investigation, would have reasonably believed that the claim was well grounded in fact and law." *Elsman v. Standard Fed. Bank*, 238 F. Supp. 2d 903, 908-09 (E.D. Mich. 2003) (omissions in original) (quoting *Knestrick v. Int'l Bus. Machs. Corp.*, 945 F. Supp. 1080, 1082 (E.D. Mich. 1996) (internal quotation marks omitted)); *accord Haisha v. Countrywide Bank, FSB*, No. 11-11276, 2011 WL 3268104, at *2 (E.D. Mich.).

An attorney must make that determination before the attorney files his or her complaint. The attorney must also make that determination before filing any subsequent pleadings in support of that complaint. Fed. R. Civ. P. 11(b).

>An attorney cannot have a reasonable belief that a claim or defense is warranted by a good faith argument for the "extension, modification or reversal of existing law," unless he or she knows what the existing law is. Counsel's interpretation of the law, formulated after sufficient research, must be non-frivolous, that is, reasonable as evaluated by a competent attorney.

*Whittington v. Ohio River Co.*, 115 F.R.D. 201, 206–07 (E.D. Ky. 1987).

Counsel retain a duty not to continue to pursue a claim after an objectively reasonable and competent attorney would have learned that the claim is not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "Rule 11 imposes a 'continuing duty of candor' on litigants, authorizing sanctions for the continued pursuit of unsupportable claims." *Haisha*, *supra*, 2011 WL 3268104, at *2 (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)).

Rule 11(c)(4) specifically provides for a "sanction [to] include nonmonetary directives." The advisory committee note to Rule 11 gives examples of potential nonmonetary sanctions, including "issuing an admonition, reprimand, or censure," "requiring the violator to attend seminars or other educational programs," and "referring the matter to disciplinary authorities." *Id.* Advisory Committee Notes (1993 Amendments).

### B.  28 U.S.C. § 1927

A court may impose sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The Sixth Circuit construes vexatiously multiplying proceedings to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986). It also has held that § 1927 sanctions are appropriate where "an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by the member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon,* 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben,* 825 F.2d 977, 984 (6th Cir. 1987)).

The court need not find bad faith on the part of the sanctioned party. *Dixon v. Clem*, 492 F.3d 665, 679 (6th Cir. 2007) (citing *Jones, supra*, 789 F.2d at 1230). "'Section 1927 sanctions may be imposed without a finding that the lawyer subjectively knew that his conduct was inappropriate.'" *Knopf v. Elite Moving Sys.*, 677 F. App'x 252, 257 (6th Cir. 2017) (quoting *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016)). "Thus, sanctions under 28 U.S.C. § 1927 require a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Id.* (quoting *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389,

6

396 (6th Cir. 2009)); *see also In re Ruben*, 825 F. 2d 977, 983-84 (6th Cir. 1987) (noting that "a relaxed standard" is applicable to § 1927 sanctions, as a court may assess fees against an attorney "despite the absence of any conscious impropriety" (emphasis in original)).

### C. Inherent Power

Federal courts have the inherent power to assess attorney's fees against an attorney "who willfully abuse[s] judicial processes or who otherwise act[s] in bad faith." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67 (1980)).

The Sixth Circuit summarized the law governing a court's inherent authority to impose sanctions on attorneys in *Jordan v. City of Detroit*, 595 F. App'x 486, 488–89 (6th Cir. 2014).

> The imposition of inherent-power sanctions requires a finding of bad faith or conduct tantamount to bad faith. *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011). A district court must find "(1) that the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing the suit was for an improper purpose such as harassment." *Id.* (citation omitted). The simple fact that an action is without merit is not tantamount to bad faith; rather, "the court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings," such as by filing the suit for purposes of harassment or delay, or for other improper reasons. *Id.* (citation omitted).

The purpose of a sanctions award under this provision is to "deter and punish those who abuse the judicial process." *Milner v. Biggs*, 566 F. App'x 410, 413 (6th Cir. 2014).

Before a district court may impose sanctions under its inherent authority, it must "make actual findings of fact that demonstrate that the claims were meritless, that counsel knew or should have known that the claims were meritless, *and* that the claims were pursued for an improper purpose." *Big Yank Corp v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997) (emphasis in original) (citing *Smith v. Detroit Fed'n of Teachers, Local 231,* 829 F.2d

7

1370, 1375 (6th Cir. 1987)); *accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 115 F. Supp. 2d 898, 905 (S.D. Ohio 2000), *aff'd*, 307 F.3d 501 (6th Cir. 2002).

Sanctions pursuant to a court's inherent authority "are justified" when the offending "conduct does not fit squarely within the confines of any particular Rule of Civil Procedure under which the Court has the power to issue sanctions." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). Inherent power sanctions also are appropriate when "the conduct sanctionable under the Rules was intertwined with conduct that only the inherent power could address." *Id.* at 51.

Thus, "[t]he court ordinarily should rely on the Rules rather than the inherent power[;] [b]ut if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.* at 50.

> The imposition of sanctions in [such an] instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of "vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy."

*Id.* (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n. 14 (1978)).

"While [courts] should exercise this power with restraint and discretion, [they] should not shrink from exercising it when sanctions are justified by the circumstances." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008).

## Conclusion

After the hearing, I will make a determination whether it is necessary and appropriate to impose sanctions on attorneys Renz and Gargasz under Rule 11, § 1927, and/or the court's inherent power.

Accordingly, it is hereby

ORDERED THAT:

Attorneys Renz and Gargasz shall appear for an evidentiary hearing regarding the matters raised in this Order at a date yet to be determined.

The Clerk shall forthwith set a status conference to determine the dates and times for the evidentiary hearing to be held in this matter.

So ordered

/s/ James G. Carr
Sr. U.S. District Judge

9