IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erica Bojicic *et al.*,            Case No. 3:21-CV-00630-JGC

    Plaintiffs,

  v.                                         ORDER

Michael DeWine *et al.*,

    Defendants.

This is a § 1983 case in which I dismissed plaintiffs' complaint. (Doc. 49); *Bojicic v. DeWine*, 569 F. Supp. 3d 669, 676 (N.D. Ohio 2021), *aff'd,* 2022 WL 3585636 (6th Cir. Aug. 22, 2022), *cert. denied,* No. 22-493, 2023 WL 192013 (Jan. 17, 2023).

Concurrently, I invited defendants to seek sanctions against plaintiffs' attorneys ("respondents") under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and my inherent power to sanction attorney misconduct. (*Id.,* pgID 469–70); *Bojicic, supra,* 569 F. Supp. 3d at 696.

Additionally, on March 7, 2021, I issued, *sua sponte,* a show cause order directing the respondents to show cause why I should not impose sanctions under Rule 11, § 1927, and my inherent power. (Doc. 61).[1]

Two attorneys, representing, respectively, six defendants (Doc. 53) and one defendant (Doc. 54), have filed sanctions motions.

---

[1] Except as discussed herein, this order does not relate to my March 7, 2021 show cause order.

Pending is respondent's motion to dismiss, in part, those motions. (Doc. 99). Defendants oppose their motion (Docs. 104, 107), and respondents have filed a reply. (Doc. 108).

For the following reasons, I grant respondents' motion for partial dismissal.

## Discussion

Respondents seek dismissal of defendants' motion on the basis that defendants failed to comply with the "safe harbor" mandate of Rule 11(c)(2). (Doc. 99,  pgID 1156). Respondents do not seek to dismiss the portions of the defendants' motions that request sanctions under § 1927 and my inherent power to sanction attorney misconduct. (Doc. 108, pgID 1240).

Respondents likewise do not seek to dismiss any part of my March 7, 2022 show cause order—thus leaving untouched its directive to show cause why I should not impose sanctions under Rule 11, § 1927, or my inherent power. (*Id.*); *Ridder v. City of Springfield*, 109 F.3d 288, 297 n.8 (6th Cir. 1997) ("There is no corresponding 'safe harbor' period for court-initiated sanctions."); *see also Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) ("Nothing in the Rule or the history of the 1993 amendments prevents the district court from taking . . . action [on its own initiative] after judgment.").

I turn now to what plaintiffs' motion *does* want me to do—namely, to enforce Rule 11(c)(2), which prescribes a "safe harbor" prerequisite:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but *it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial*

> *is withdrawn or appropriately corrected within 21 days after service or within another time the court sets*.

(*E*mphasis added).

This "safe harbor" provision offers a potentially sanctionable attorney (and the client, as the case may be) an opportunity to undo or alter his or her conduct. *See Teamsters Loc. Union No. 473 v. Beacon J. Pub. Co.*, 2008 WL 3200628, at *1 (N.D. Ohio Aug. 6, 2008) (Dowd, J.) (citing *Ridder, supra*, 109 F.3d 288, 294–96). If corrective action is taken within 21 days of service of the sanctions motion, the question of Rule 11 sanctions becomes moot. *See Ridder, supra*, 109 F.3d at 296; *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1337.2 (4th ed. 2022) ("If corrective action is taken, the question of sanctions becomes moot."); Fed. R. Civ. P. 11, Advisory Committee's Note to 1993 Amendment ("[T]he timely withdrawal of a contention will protect a party against a motion for sanctions.").

As a colleague has pointed out, "[c]ompliance with the safe harbor provision is an 'absolute requirement'" that cannot be waived. *Infocision Mgmt. Corp. v. Found. for Moral Law, Inc.*, 2009 WL 9408837, at *6 (N.D. Ohio Apr. 24, 2009) (Lioi, J.) (citing *Ridder, supra*, 109 F.3d at 296); *see also Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 768 (6th Cir. 2014) ("[R]equiring strict compliance with Rule 11's clear text.").

Here, the sanctions movants had at least two opportunities to blow the safe harbor horn—namely, before filing their motions to dismiss and again after receiving the respondents' opposition to those motions. In each instance, they could have given fair warning of the lurking dangers if respondents stayed their errant course. Signaling

a warning sooner, rather than later, is preferable to allowing a doomed opponent to blunder blindly along. *See Ridder, supra*, 109 F.3d at 295 ("Although the text of the [safe harbor] rule fails to specify when a Rule 11 motion should be brought, the drafters advise early action.").

Whenever given, a safe harbor notice can save the attorneys time, the client money, and the court effort. Imposing a recurrent duty to give safe harbor notice, even when somewhat tardy, implements the fundamental purpose of the Civil Rules—namely, *inter alia,* "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Holling v. United States*, 1996 WL 200731, at *4 (E.D. Mich. Feb. 6, 1996) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts.") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)).

It may seem counterintuitive—a bit like shouting "Heel!" after the dog is off the porch—to demand safe harbor notice after dismissal. But doing so implements Rule 1's most fundamental purpose: speedy resolution of disputes—especially meritless disputes. And that makes sense.

Thus, I agree that partial dismissal of defendants' sanctions motions is warranted.

This partial dismissal runs only *insofar as defendants' motions request sanctions under Rule 11*. My ruling does not affect their requests for sanctions under § 1927 and my inherent power.

4

Similarly, partial dismissal herein does not affect or limit the scope of my March 7, 2022 show cause order. No safe harbor requirement exists *vis-a-vis* a judge's authority to implement Rule 11's requirements, those of § 1927, or to uphold and enforce my inherent power to sanction attorney misconduct if I determine such has occurred. *See, e.g.*, *Cruz v. Don Pancho Mkt., LLC*, 167 F. Supp. 3d 902, 912 (W.D. Mich. 2016) (ordering parties to show cause why their dismissed pleading did not violate Rule 11).

## Conclusion

It is, accordingly, hereby

ORDERED THAT:

Respondents' Motion to Dismiss Defendants' Motion for Sanctions (Doc. 99) be, and the same hereby is, granted;

1. The portions of defendants' motions for sanctions (Docs. 53, 54) brought under Federal Rule of Civil Procedure 11(c)(2) are dismissed;

2. Defendants' motions for sanctions under 28 U.S.C. § 1927 and the court's inherent power remain pending;

3. The order to show cause to respondent as to why they should not be sanctioned under Federal Rule of Civil Procedure 11(c)(3), 28 U.S.C. § 1927 and the court's inherent power remains pending; and

4. The Zoom status conference previously scheduled for April 10, 2023 at 9:00 a.m. is stricken. The hearing is rescheduled for March 28, 2023 at 10:30 a.m.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge