IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Erica Bojicic *et al.*,             Case No. 3:21-CV-00630-JGC

      Plaintiffs,

    v.                                                  ORDER

Michael DeWine *et al.*,

      Defendants.

This is a § 1983 case where I dismissed Plaintiffs' complaint as frivolous and entirely without merit. *Bojicic v. DeWine*, 569 F. Supp. 3d 669, 676 (N.D. Ohio 2021) (Doc. 49), *aff'd,* 2022 WL 3585636 (6th Cir. Aug. 22, 2022), *cert. denied,* 143 S. Ct. 735 (2023).

Currently before me is a document filed by Robert Gargasz, titled:

**Motion for Recusal and Objection of Respondents Renz and Gargasz;** OBJECTION OF RESPONDENTS to the Illegal, Prepensive, Retaliatory, Malicious, Unethical Judicial Misconduct of Judge James G. Carr in violating Respondents' Fundamental Due Process Rights requiring an unbiased, ethical, nonprejudiced, Fair and Impartial Jurist. Further Judge Carr has abused his discretion and has engaged in misconduct that constitutes a flagrant and willful disregard of **28 U.S.C. § 455** and a failure to conform his conduct to the mandates of that rule.

(Doc. 136) (emphasis in original) ("Motion for Recusal"). The filing attaches an affidavit, also authored and signed by Mr. Gargasz. (Doc. 136-1). Mr. Renz has not signed either document.

**Background**

In November 2021, Defendants moved for sanctions against Plaintiff's counsel, Robert Gargasz and Thomas Renz, under 28 U.S.C. § 1927 and the inherent power of the courts. (Docs. 53, 54). On March 7, 2022, I also issued my own order for Messrs. Gargasz and Renz to show

1

cause why they should not be sanctioned under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and my inherent power. (Doc. 61).

Neither the motions for sanctions nor my show cause order involved the Plaintiffs themselves. This matter thus continued as and remains solely a collateral sanctions proceeding against Messrs. Gargasz and Renz individually ("Sanctions Respondents").[1]

On March 21, 2022, Mr. Gargasz requested I recuse myself from the sanctions proceeding. (Doc. 64, at 55:19–20). The following day, I entered a briefing schedule for Mr. Gargasz's motion to recuse. (*See* Order, Mar. 22, 2022). Mr. Gargasz withdrew his request on April 5, 2022. (Doc. 67).

On July 8, 2022, Sanctions Respondents requested, and I granted, time to retain counsel to represent them in the sanctions proceeding. (*See* Minute Order, July 8, 2022). On September 14, 2022, attorney Richard Alkire filed his appearance on behalf of both Mr. Gargasz and Mr. Renz. (Doc. 91).

Thus, Mr. Alkire has represented and continues to represent Sanctions Respondents since September 14, 2022. Mr. Alkire has filed all motions and other papers on Sanctions Respondents' Behalf, including representing them during the show-cause evidentiary hearing which I held from May 1, 2023 to May 3, 2023. (*See* Docs. 127–29).

Today, March 27, 2024—the same day and less than two hours before Mr. Gargasz filed his Motion for Recusal—Mr. Alkire filed a response brief on behalf of Sanctions Respondents and in opposition to the Defendants' fee petitions. (*See* Doc. 135).

---

[1] For a summary of these sanctions proceedings, *see Bojicic v. DeWine*, 2024 WL 365116, at *1–*2 (N.D. Ohio Jan. 31, 2024).

Sanctions Respondents have litigated solely through their chosen counsel since retaining him. That is, until Mr. Gargasz filed this Motion for Recusal. Mr. Gargasz's Motion is not signed by Mr. Alkire. (*See* Doc. 136).

## Discussion

"In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel." 28 U.S.C. § 1654 (emphasis added). But parties must choose. They do not have the right to proceed *pro se* and through counsel simultaneously. *Chasteen v. Jackson*, 2012 WL 1564493, at *3 (S.D. Ohio May 3, 2012) ("Plaintiff is not entitled to hybrid representation, and the Sixth Circuit and other courts in this circuit routinely strike and/or refuse to consider pro se pleadings filed by represented parties") (listing cases); *see also Brasier v. Jeary*, 256 F.2d 474, 478 (8th Cir. 1958) ("We conclude that the appellant has no constitutional or other right to conduct his own case pro se and have the aid of counsel to speak and argue for him at the same time."); *Eckmeyer v. Brimfield Twp. Bd. of Trustees*, 2006 WL 8449886, at *2 (N.D. Ohio July 6, 2006) (Limbert, Mag. J.) ("Courts have generally read 28 U.S.C. § 1654 to allow parties to either represent themselves or to be represented by counsel, but not both.") (citing *Brasier, supra*, 256 F.2d at 477); *cf. United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011) ("Although a criminal defendant has a constitutionally protected right to present his own defense in addition to a constitutionally protected right to be represented by counsel, he has no right to hybrid representation. This court has declined to consider *pro se* arguments where the defendant is represented by counsel.") (internal citation omitted).

At the time Mr. Gargasz filed the instant Motion and attached affidavit, Mr. Alkire was and remains counsel of record for Sanctions Respondents. Mr. Gargasz has no right to conduct

3

his own *pro se* litigation while also choosing to have Mr. Alkire represent him. I decline to consider his *pro se* filing.

Moreover, I have long since undertaken to notify all counsel of what I expect of them in cases assigned to me in which they file a notice of appearance. *See* Judge James G. Carr, *Civil Case Preferences*, https://www.ohnd.uscourts.gov/content/-judge-james-g-carr (Additional Information: Civil Cases) (last updated Nov. 15, 2022). Among other notice therein given to counsel is: "All documents, pleadings, motions and briefs must be filed in a text-searchable format so that they may be copied and/or keyword searched." *Id.*

The Court Clerk's office informs me that the materials that Mr. Gargasz filed earlier this afternoon do not conform to my requirements. Rather, it appears to be scanned from either an original or duplicate physical copy.

## Conclusion

It is, therefore, ORDERED THAT:

1. Robert Gargasz's Motion for Recusal (Doc. 136) be, and the same hereby is, stricken from the record.

2. All further pleadings, if any, shall be accepted for filing only if their format conforms to the instructions set forth in my *Civil Case Preferences*.

SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge